UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KATZ & COLUMBUS, INC. | * | CIVIL ACTION NO. 07-9103 |
|---|---|---|
| | * | |
| versus | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| POWELL INSURANCE AGENCY, INC., | * | MAGISTRATE JUDGE ROBY |
| ET AL. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT POWELL INSURANCE AGENCY, INC.'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Powell Insurance Agency, Inc. ("Powell"), by and through its counsel, hereby moves the Court for the entry of an Order dismissing plaintiff's claims against Powell on grounds of improper joinder and/or preemption.

**BACKGROUND**

Katz & Columbus, Inc.'s ("Katz") Petition was originally filed in the Civil District Court for the Parish of Orleans. On November 23, 2007, defendant Travelers Indemnity Company of America ("Travelers") properly removed this matter pursuant to U.S.C. §1446 (a) on grounds improper joinder.[1]  **Katz did not file an opposition to the removal.**

---

1 See Document No. 1 on Court's docket.

Removal is proper under 28 U.S.C. §1332 (a) if there is complete diversity between the parties. However, an action is removable is the defendant can show that a non-diverse party was improperly joined.[2]  Improper joinder may be established by showing either actual fraud in pleading jurisdictional facts, or the inability of the plaintiff to establish a cause of action against a non-diverse party.[3]  The joinder of Powell in this case is improper because Katz cannot establish a cause of action against Powell because its claims against Powell prescribed under Louisiana law.

Plaintiff's allegations Powell are for failure to procure the coverage Katz desired.  The claims are governed by La. Rev. Stat. 9:5606, as follows:

> **Actions for professional insurance agent liability**
>
> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

---

[2] *Ross v. Citifinancial,* 344 F.3d 458, 461 (5th Cir. 2003).
[3] *Dobson v. Allstate,* 2006 WL 2078428 at *4 (E.D. La. 2006)(Slip. Op.); *Smallwood v. Illinois Central R.R.,* 352 F.3d 220, 222 (5th Cir. 2003).

## ANALYSIS

The underlying issue is when plaintiff discovered the alleged tort. Katz states in its Petition that on or about **May 31, 2005**,[4] it learned that Powell failed to procure the desired coverage when Travelers notified Katz that the policy required the insured complete the repairs and submit its invoices and receipts for review.[5] The preemptive period begins to run when plaintiff has actual or constructive knowledge of the facts indicating to a reasonable person that they are the victim of a tort.[6]

Because the claims against Powell were not brought until **August 22, 2007** - more than a year from the date Katz discovered the alleged wrongful conduct of its agent – Katz's claims are perempted.

Katz implicitly agreed with Travelers' position when it failed to file an opposition to Travelers' Notice of Removal, and the time to do so has long since passed. Trial in this case is set for March 13, 2009. However, this Court no longer has subject matter jurisdiction over the claims against Powell. Therefore, Powell respectfully requests that this Court issue an Order dismissing the claims against Powell with prejudice, each party to bear their own costs.

---

[4] This is apparently a typographical error, and the date should read March 25, 2006.
[5] See Plaintiff's Petition, Paragraph 17.
[6] *Road House Bar-B-Que v. Certain Underwriters at Lloyds*, 909 So.2d 619, 623 (La. App. 3rd Cir. 2005).

Respectfully submitted,

**SESSIONS, FISHMAN, NATHAN, &
     ISRAEL L.L.P.
JACK M. ALLTMONT (Bar # 2424)
APRIL L. WATSON (Bar # 29104)**
201 St. Charles Avenue, Suite 3500
New Orleans, Louisiana 70170-3500
Telephone: (504) 582-1500
Facsimile: (504) 582-1555


By:     /s/ April L. Watson
        APRIL L. WATSON

Attorneys for Defendant Powell Insurance Agency, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon all counsel of record via the Court's electronic system or by facsimile, e-mail or by placing same in U.S. Mail, first class postage pre-paid this 15th day of January, 2009.

            /s/ April L. Watson
            APRIL L. WATSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATZ & COLUMBUS, INC. | * | CIVIL ACTION NO. 07-9103 |
| | * | |
| versus | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| POWELL INSURANCE AGENCY, INC., | * | MAGISTRATE JUDGE ROBY |
| ET AL. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **NOTICE OF HEARING**

PLEASE TAKE NOTICE that Powell Insurance Agency, Inc. will bring on for hearing its Motion to Dismiss before the court, Honorable Mary Ann Vial Lemmon, United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, LA 70130, on February 4, 2009 at 10:00 a.m.

Dated:  January 15, 2009            /s/   April L. Watson
                                                           Jack M. Alltmont (2424)
                                                           April L. Watson (29104)
                                                            SESSIONS, FISHMAN &
                                                                NATHAN & ISRAEL, LLP
                                                           201 St. Charles Avenue
                                                           Suite 3500
                                                           New Orleans, LA  70170-3500
                                                           Telephone:  (504) 582-1500
                                                           Facsimile:  (504) 582-1585
                                                           Email:  awatson@sessions-law.com

Attorneys for Defendant Powell Insurance Agency, Inc.

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document has been served upon all counsel of record via the Court's electronic system or by facsimile, e-mail or by placing same in U.S. Mail, first class postage pre-paid this 15th day of January, 2009.

          /s/   April L. Watson
         April L. Watson